Remy v Guastella (2021 NY Slip Op 50774(U))

[*1]

Remy v Guastella

2021 NY Slip Op 50774(U) [72 Misc 3d 138(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-632 S C

Lesly Remy, Appellant,
against
Debra Guastella, Respondent. 

Lesly Remy, appellant pro se.
Debra Guastella, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (Cheryl M.
Helfer, J.), entered July 6, 2020. The order denied plaintiff's motion for, in effect, summary
judgment and, upon searching the record, dismissed the action.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this small claims action to recover for work, labor and services
rendered pursuant to a contract for the construction of a deck and railings at defendant's
premises. Plaintiff subsequently moved for, in effect, summary judgment.
Annexed to plaintiff's moving papers is a copy of a complaint lodged by defendant with the
Suffolk County Department of Labor, Licensing and Consumer Affairs and a settlement
agreement executed by the parties from the Division of Consumer Affairs, dated February 18,
2020, which indicates that plaintiff is "unlicensed" and that he agreed to withdraw this small
claims action. As part of the agreement, plaintiff executed a "Waiver of Hearing, Admission and
Notice to Register," wherein he agreed to "apply for the required occupational license by March
30, 2020." In opposition to plaintiff's motion, defendant submitted a copy of a general release
executed by plaintiff, dated February 18, 2020, wherein plaintiff "release[ed] and agree[ed] to
hold [defendant] harmless from any and all claims arising out of the aforementioned contract [the
building of a new deck with railings at the premises]." The District Court denied plaintiff's
motion and, upon searching the record, dismissed the action on the ground that defendant was
not a licensed home improvement contractor. 
It is well settled that "an unlicensed contractor forfeits the right to recover damages based
either on breach of contract or quantum meruit" (Quick Start Constr. Corp. v Staiger, 77
AD3d [*2]900, 900 [2010]; see B & F Bldg. Corp. v
Liebig, 76 NY2d 689 [1990]; Richards Conditioning Corp. v Oleet, 21 NY2d 895
[1968]; Golfo v Sopher, 253 AD2d 479 [1998]; see generally CPLR 3015 [e]; Colorito v Crown Heating & Cooling,
Inc., 6 Misc 3d 131[A], 2005 NY Slip Op 50082[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2005]). We find no basis to disturb the order of the District Court, as plaintiff
conceded in his brief on appeal that he was not a licensed home improvement contractor. In any
event, the general release executed by plaintiff barred him from recovering damages in this action
(see Garcia v Konkul, 20 Misc 3d
139[A], 2008 NY Slip Op 51572[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2008]).
Accordingly, the order is affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021